[Civ. No. 375.   Second Appellate District.—October 4, 1907.]

## CHARLES P. GROGAN, Appellant, v. H. G. CHAFFEE, Respondent.

ACTION FOR BREACH OF CONTRACT—SALE OF OLIVE OIL AT RETAIL—INSUFFICIENT COMPLAINT—CONSTRUCTION AGAINST PLEADER.—A complaint for breach of contract providing that every wholesaler of plaintiff's brand of pure olive oil, if he retails them, will maintain the fixed retail prices fixed by plaintiff, which merely alleges a breach in selling the oil at less than the fixed prices, without alleging that the defendant sold the oil at retail, is insufficient, and under the recognized rule that the pleading is to be construed most strongly against the pleader, a general demurrer to the complaint was properly sustained.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Powers & Holland, for Appellant.

Porter, Sutton & Cruickshank, for Respondent.

ALLEN, P. J.—Action for damages growing out of the alleged violation of a contract. Demurrer to complaint sustained; no amendment being made or filed, judgment in defendant's favor for costs, from which plaintiff appeals.

The complaint avers that plaintiff is a manufacturer of pure olive oil sold for food and other purposes; that he has copyrighted certain designs and words which are placed upon every bottle, guaranteeing its purity; that by reason of extensive advertising and rewards offered to anyone establishing its impurity, a large demand has been created for this brand of oil; that attached to every bottle, can, or parcel of said oil offered for sale is the following notice: ''The goods contained in this case are sold on the condition, which is made a part of the consideration for the sale of these goods, that the purchaser, if he retails these goods, will maintain my fixed retail selling price on them; and that if he wholesales them, he will sell them subject to this same condition. My fixed retail selling price for Purity olive oil is $1.35 per can for the half gallon size and $2.50 per can for the gallon size.'' That defendant, a grocer, purchased of plaintiff a quantity of oil, each bottle whereof bearing plaintiff's label and was so purchased under an agreement that the purchaser would maintain plaintiff's selling price for such oil and not sell the same for a price less than as specified in the notice affixed to such bottles. That defendant, in violation of said agreement, sold a part of said oil at the price of $1.20 per can for half gallons, and after notice to desist from sales at such price threatens to continue the same. That other merchants having received information of defendant's cut in prices refused to buy or handle plaintiff's oil, and he has thereby lost many sales which he otherwise could have made but for defendant's acts, to plaintiff's damage in the sum of $1,000, for which he prays judgment.

A general demurrer was interposed to the complaint, which the court sustained.

Counsel for both parties discuss in their briefs only questions involving the validity of the contract set out. We are of opinion that were the contract set out not one in restraint

of trade and therefore lawful, that the complaint fails to allege any facts from which a violation thereof is established. Under the contract as set out in the complaint the right to sell at wholesale or retail was given the purchaser, the retail price only being fixed. The sales complained of by plaintiff, for aught appearing in the complaint, may have been at wholesale. If so, there is no limitation as to price, the only condition with reference to such sales being that the seller should incorporate into the contract of resale an agreement that the retail price shall be maintained. No violation of the contract in this regard is claimed. Under the recognized rule that a pleading shall be construed most strongly against the pleader, the defendant is entitled to this construction, and under which no cause of action is stated.

We think the court properly sustained the demurrer, and the judgment is affirmed.

Shaw, J., and Taggart, J., concurred.